**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

TOMMY CLARK and TAMMY CLARK, Husband )
and Wife, )
                                                                                                                                                        Plaintiff, )
                                                                                   )
vs. ) No. CIV-08-462-FHS
   )
UNITED STATES OF AMERICA, )
   )
                              Defendant. )

**ORDER**

Before the court for its consideration is defendant United States of America's Motion for Summary Judgment and Brief in Support. This is an action brought pursuant to the Federal Tort Claims Act. Plaintiffs seek to impose liability on defendant by alleging the United States Postal Service (USPS) was negligent. In its motion, defendant argues plaintiffs' injuries were not caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of their employment. Plaintiffs respond by arguing USPS had a duty of care to plaintiffs and the negligence of defendant did cause their injuries.

**STANDARD FOR SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ( c) See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a

1

genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendant's motion.

### Factual Findings

The court finds the facts as follows. The USPS uses

independent contractors to supply mail delivery services in various parts of the United States. Loni Roberts was first awarded a contract with the USPS as an independent contractor for a four year term beginning July 1, 2002, and ending on June 30, 2006. The contract was renewed effective April 1, 2006, and set to expire effective March 31, 2010. Roberts was required to perform box delivery services to customers and other services as outlined in the contract. Under the terms of the contract, no proposal for a contract shall be considered unless the person seeking such contract can assure the USPS either personal or representative supervision over the operation of the route.

Pursuant to the terms of the contract, Roberts supplied her own vehicle to deliver the mail. She did not use the USPS' mail delivery vehicles as do employees of the USPS. Under the Liability for Equipment Damage and Repairs provision of Roberts' contract, Roberts was solely liable for loss or damage to her equipment and was solely responsible for all repairs to and maintenance of her equipment utilized in the performance of the contract. Roberts' contract with the USPS required that Roberts, as the supplier, have readily available sufficient stand-by equipment to perform extra trips to permit vehicle maintenance and to prevent delays in emergencies such as mechanical failures. Pursuant to the Safety Requirements section of the Contract, the supplier, Roberts, was required to "maintain its vehicle in mechanically sound condition...and was required to equip the vehicle with certain emergency equipment such as fire extinguishers, spare fuses, tire chains, and warning devices." The contract also required that drivers shall satisfy themselves that the emergency equipment is in place and ready for use and the following parts and accessories are in good working order: servicing and parking brakes, steering mechanism, lighting

devices and reflectors, tires, horn, windshield wipers, and rear vision mirrors. USPS had guidelines regarding the age of vehicles used in furtherance of USPS business.  The regulation provides that vehicles cannot be more than five years old at the beginning of the contract term.  A vehicle that becomes more than nine years old during the term, must be replaced at the expense of the supplier.

Roberts could subcontract responsibilities under the contract.  Under the authority provided to her under her contract with the USPS, Roberts had the authority to hire relief drivers to fulfill her duties in delivering the mail.  Roberts hired Tammy Clark as a relief driver. Plaintiff Tammy Clark was paid out of Loni Robert's personal checking account.  It was Robert's responsibility to withhold taxes and amounts for social security benefits from Clark's compensation for the work performed under their agreement.  Tammy Clark was neither hired by the USPS nor was she paid by them.

On May 5, 2008, Clark was delivering the mail as a relief driver for Loni Roberts.  She was driving a vehicle owned by Roberts.  The vehicle had been provided by Roberts to Clark to drive the route.  On this date, while delivering the mail plaintiff Tammy Clark sustained injuries.

In the Motion for Summary Judgment filed by defendant it argues that under the Federal Tort Claims Act the government is only liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment...."  Defendant argues the negligent act was the giving of a defective vehicle to Clark to drive while executing her duties delivering the mail. It is undisputed that

Loni Roberts gave Tammy Clark the vehicle to use to execute her mail delivery duties. It appears undisputed the accident was caused, at least in part, by the defective vehicle. Defendant argues it cannot be held liable because Loni Roberts was an independent contractor pursuant to the terms of her contract and Tammy Clark was an employee of Loni Roberts. Loni Roberts provided the vehicle to Tammy Clark and Roberts was responsible for the vehicle's maintenance. Thus, defendant argues the negligent act was not done by an employee of the defendant but rather was done by Loni Roberts.

Plaintiffs respond to the motion and argue the negligent acts in question were done by Kathy Crabtree, Daniel Castro, and Kim Kerns. Plaintiffs argue that defendant can be held liable to plaintiffs who were injured by a defective vehicle that was negligently inspected by USPS employees. Plaintiffs also argue defendant can be held liable because plaintiff Tammy Clark was executing a duty of the USPS at the time of her injuries.

It is agreed by both parties the only way defendant can be liable to plaintiffs for their injuries is if the injuries were caused by the negligent or wrongful act or omission of any employee of the defendant while acting within the scope of his office or employment. The Federal Tort Claims Act is clear in that it waives sovereign immunity only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place of the wrong." 28 U.S.C. Sec. 1346 (b) and United States v. Olson, 546 U.S. 43, 44 (2005). Thus, Oklahoma negligence law would apply to this action. In order to establish negligence in the state of Oklahoma, plaintiffs must establish: (1) a duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the

5

causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff.  Flowers v. K-Mart, 616 P.2d 955, 957 (Okla. 1980).

It appears undisputed that Loni Roberts was an independent contractor. It also appears undisputed that Tammy Clark was an employee of Loni Roberts.  However, plaintiffs are arguing that the injuries in question were not entirely caused by Loni Roberts but rather were, at least in part, caused by USPS employees Kathy Crabtree, Daniel Castro and Kimberly Kerns while acting within the scope of their employment with the USPS.  Plaintiffs argue Kathy Crabtree was negligent because she stood within feet of the vehicle at issue every day and never inspected it to confirm that it did not meet the age requirements of the contract.  Further, plaintiffs argue that defendant had knowledge of the danger and problems that existed with the route in question and failed to address or alleviate them.  Plaintiffs also argue that USPS employees knowingly promoted and encouraged speeding and other legal violations in violation of their duty to the public at large.  Plaintiffs argue that Crabtree, Castro and Kerns clearly violated their duty of care to plaintiff Tammy Clark and their failure to inspect the mail routes vehicles or supervise their contractors and subcontractors was the proximate cause of the accident in question.

Plaintiffs are attempting to impose liability upon the defendant by arguing the negligence of Crabtree, Castro and Kerns caused the plaintiffs' injuries.  Plaintiffs completely fail to explain how Daniel Castro or Kim Kerns breached a duty of care to the plaintiffs.  As for Crabtree, plaintiffs only argument is that she failed to inspect Roberts' vehicle to determine if it met the age requirements, even though she saw it every day.

6

Plaintiffs are attempting to shift liability for the accident in question from Roberts to employees of the postal service. Plaintiffs' expert testified the accident in question was caused by a catastrophic front end failure in the vehicle plaintiff Tammy Clark was driving at the time of the accident. It is undisputed that under the terms of the contract in question that Loni Roberts provided the vehicle in question to Tammy Clark. It appears the catastrophic front end failure, at least in part, caused the accident in question. It is undisputed under the terms of the contract that Roberts was responsible for the maintenance and safety of the vehicle in question. Under the terms of the contract it was Roberts' duty to provide and maintain a vehicle that was in compliance with the contract. Thus under the facts of this case the duty of care to maintain and deliver a safe vehicle to Tammy Clark was that of Roberts, not of any employee of the USPS. The court finds there was no duty of care owed to plaintiffs by the defendant and as such the defendant cannot be found liable for plaintiffs' injuries.

    Next, plaintiffs argue the defendant owes a duty of care to the public at large pursuant to the Public Duty Doctrine. Plaintiffs argue the Public Duty Doctrine provides that in order to establish a duty it must be shown a specific duty of due care upon the government with respect to individuals who may be harmed by governmental action or inaction, unless there is some specified connection between the government agency and the individuals that makes it reasonable to impose a duty. One circumstance where a special relationship exists, is when a government agent undertakes specific action to protect a person or property. <u>Nelson v. Salt Lake City</u>, 919 P.2d 568 (Utah 1996). Plaintiffs argue the Public Duty Doctrine is met here because the defendant undertook specific actions which were designed to

protect the mail carriers and the public at large.  By codifying
rules and regulations regarding safety, requiring knowledge on
the part of its employees of safety requirements, participating
in mail carrier vehicle inspections designed for safety reasons
and developing a communication place for voicing concerns
regarding the safety of the plaintiff's route, employees of USPS
were active participants in activities that were designed to
protect USPS as well as its employees, contractors, sub-
contractors and route customers.  Thus, the Public Duty Doctrine
should be applied to impose a specified duty of due care upon
defendant in the instant case.  Plaintiffs further argue the USPS
has breached this duty of due care by having no applicable rules
and regulations specifically pertaining to the safety of back-up
vehicles, other than its own, despite the fact that it is acutely
aware that vehicles other than USPS vehicles are being used in
furtherance of the business of USPS.  Plaintiffs argue USPS'
breach of its duty was the cause of the accident in question.

The court finds that no special relationship exists in the
facts before the court.  The court fails to see how the defendant
under these facts undertook specific action to protect the public
at large.  From the facts of this case, it is clear the duty of
safety of the vehicle in question fell to Loni Roberts.  The
undisputed facts show the responsibility for the maintenance and
safety of the vehicle in question was with Loni Roberts. The
court fails to see how the defendant had a special relationship
such as to impose a duty of care under these facts.  The court
does not see how it can make the defendant liable for something
for which it was not responsible.  Accordingly, the court finds
the defendant did not have a duty of care to the plaintiffs.

Finally, plaintiffs argue defendant cannot avoid liability

in this case by contracting away its duties.  Plaintiffs argue that a government agency owes a duty of care to the general public and this duty is non-delegable. Plaintiffs argue defendant cannot contract away its non-delegable duty of care to the public.  Plaintiffs argue that although defendant would not ordinarily be held liable for the negligence of its independent contractors, the rule of non-liability does not apply in the instant case, where defendant has contracted for the performance of those duties imposed by law.  Those duties being namely the governmental function of delivering the mail.

The court finds that the "non-delegable duty" theory does not apply against the United States under the Federal Tort Claims Act. The FTCA waives the federal government's sovereign immunity only where local law would make a private person liable in tort even where uniquely governmental functions are at issue.  <u>United States v. Olson</u>, 546 U.S. 43, 44 (2005). It is clear under the plain language of the Federal Tort Claims Act that the United States could not in any event be charged with liability in the absence of negligence on its part.  <u>United States v. Seckinger</u>, 397 U.S. 203, 215 (1970). Applying the non-delegable duty is the same as making the defendant strictly liable or vicariously liable which is inconsistent with the plain language of the Federal Tort Claims Act. Therefore, the court finds that the "non-delegable" duty doctrine does not apply in this case.

The court grants the motion for summary judgment as the court finds there was no duty of care owed by the defendant to the plaintiffs.

**IT IS SO ORDERED** this 31st day of August 2009.

_Frank H. Seay_
Frank H. Seay
United States District Judge
Eastern District of Oklahoma